**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonard Brenard COPELAND,**
**Defendant–Appellant.**

No. 00–50753.
D.C. No. CR–00–01917–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 2001.

Decided Oct. 18, 2001.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING *, Senior District Judge.

MEMORANDUM **

Leonard B. Copeland appeals his conviction on two counts of aiding and abetting the bringing of unauthorized aliens to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and two

---

* The Honorable Samuel P. King, Senior District Judge, United States District Court for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counts of transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

Copeland's contention that 8 U.S.C. § 1324(a)(2) does not permit aiding and abetting liability is foreclosed by this court's recent decision in *United States v. Angwin,* 263 F.3d 979 (9th Cir.2001). We considered and rejected identical arguments in that case, *id.* at 993–97, and we do so here as well.

We also reject Copeland's contention that his conviction for bringing aliens to the United States cannot stand because the offense is complete once the alien crosses the border. *Angwin* established that liability may attach even to a defendant who renders his direct aid to the principal only within the United States. *Id.* at 997–98. Even assuming that Copeland properly preserved a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and conclude that the government presented enough evidence regarding Copeland's involvement in the smuggling of his alien passengers to support the charges.

Finally, we affirm the district court's denial of Copeland's motion to suppress. The district court did not clearly err in finding credible Agent Jamail's testimony about his previous sighting of a green van at a similar place and time. That testimony, when combined with the heavily laden van, the nature of the route it traveled, and the proximity to shift change, is sufficient to support a finding of reasonable suspicion. The agents' stop of Copeland's van was reasonable and the evidence they discovered therefore admissible.

Copeland's conviction is therefore AFFIRMED.